UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARILYN HERNANDEZ,

      Plaintiff,

– against –

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

      Defendant.

**OPINION AND ORDER**
16 Civ. 7584 (ER) (SDA)

RAMOS, D.J.:

    Marilyn Hernandez ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), challenging the decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Doc. 1. Pending before the Court are the parties' cross-motions for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Docs. 15, 25. On February 15, 2017, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation ("R&R"), recommending that the Commissioner's motion be granted and Plaintiff's motion be denied. Doc. 27. Plaintiff timely filed objections to the R&R. For the reasons stated herein, the Court ADOPTS the R&R, and grants the Commissioner's Rule 12(c) motion and denies Plaintiff's.

### I. BACKGROUND[1]

    On July 29 and 31, 2013, Plaintiff filed an application for DIB and SSI benefits, respectively, under Title II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 *et seq*, claiming that she suffered from disability due to joint pain of the neck, back, and legs, carpal

---

[1] The Court assumes familiarity with the record and procedural history of this case, and discusses here only those facts necessary for its disposition of the instant motions.

tunnel syndrome ("CTS"), disc herniation, asthma, diabetes and depression. Administrative Record ("AR") Doc. 10 at 36, 111, 112. The Social Security Administration ("SSA") denied her application on September 24, 2013. *Id*. at 142–46.

Following Plaintiff's timely request for review of the denial, a hearing was held before Administrative Law Judge ("ALJ") Seth Grossman. In a written decision dated May 12, 2015, ALJ Grossman confirmed the denial, finding that Hernandez had "the residual functional capacity to perform sedentary work" and was therefore not disabled as defined under the Act. *Id.* at 43–44. However, in view of Plaintiff's CTS, asthma, and moderate difficulties in social functioning, ALJ Grossman further noted that Plaintiff's sedentary work should be "limited to no more than frequent gross or fine manipulation with her bilateral hands," among other limitations. *Id.* at 38.

Plaintiff subsequently requested and was denied review by the SSA's Appeals Council, at which time the ALJ's decision became the final decision of the Commissioner. *Id*. at 1–6. As relevant here, in reaching this conclusion, the Appeals Council noted that Hernandez had presented post-operative surgery instructions after undergoing left carpal tunnel release surgery on October 26, 2015—five months after the ALJ's decision. *Id.* at 2. The Appeals Council concluded, however, that that information "does not affect the decision about whether [Hernandez] was disabled beginning on or before May 12, 2015." *Id.*

Plaintiff commenced the instant action on September 28, 2016, seeking review of the Commissioner's decision. Doc. 1. Thereafter, the parties cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Docs. 15, 25. Judge Aaron issued his R&R on February 15, 2018, recommending that the Commissioner's motion for judgment on the pleadings be granted, and that Plaintiff's motion be denied. R&R at 1.

In the R&R, Judge Aaron reviewed the Commissioner's determination of Plaintiff's disability status under the "five-step sequence . . . used in evaluating disability claims. *Id.* at 26–27 (citing 20 C.F.R. §§ 404.1520, 416.920; *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003)). That sequence proceeds as follows. At step one, the Commissioner determines whether the individual is engaged in any "substantial gainful activity;" if she is, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(i), (b). At step two, the Commissioner determines whether the individual has a "severe impairment" that "significantly limits [her] physical or mental ability to do basic work activities;" if she does not have such an impairment, she is not disabled. *Id*. § 404.1520(c), (a)(4)(ii). At step three, the Commissioner determines whether the individual has an impairment that meets or equals one of those listed in Appendix 1; if she does, she is disabled. *Id*. § 404.1520(a)(4)(iii), (d). If she does not, the Commissioner will assess and make a finding about the individual's residual functional capacity ("RFC")—or "the most [he] can still do despite [his] limitations"—based on all the relevant evidence in his case record. *Id*. §§ 404.1545(a)(1), 404.1520(e). At step four, the Commissioner determines whether, considering her RFC, the individual can still do her past relevant work; if she can, she is not disabled. *Id*. § 404.1520(a)(4)(iv), (f). Finally, at step five, the Commissioner determines whether, considering her RFC, age, education, and work experience, the individual can make adjustment to other work; if she cannot make adjustment to other work, she is disabled, and if she can, she is not. *Id*. § 404.1520(a)(4)(v), (g).

Because the ALJ found for Hernandez at steps one and two, Judge Aaron focused his analysis on whether substantial evidence supported the ALJ's decision that Hernandez's impairments did not meet the criteria for a listed impairment, as required by the third step of the process. R&R at 29.

3

After reviewing the record evidence in detail, including evidence related to Plaintiff's obesity, medications and side effects, *id.* at 5, 10, 11, 13, 15, 20, 22, Judge Aaron concluded that there was substantial evidence to support the ALJ's determination that Hernandez's physical and mental impairments did not qualify as listed impairments. Specifically, and as relevant here, Judge Aaron explained that a physical impairment "will qualify as equivalent to a listed impairment if there is a loss of function demonstrated in at least one of two ways: (1) for twelve months, the inability to ambulate (walk) effectively on a sustained basis; and/or (2) for twelve months, the inability to perform fine and gross movements effectively on a sustained basis." *Id.* at 29–30 (citing 20 C.F.R. 404, Subpt. P, App'x 1 § 1.00(B)(2)). He further noted that the "inability to ambulate effectively is defined as 'an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.'" *Id.* at 30 (quoting 20 C.F.R. 404, Subpt. P, App'x. 1, § 1.00(B)(2)(b)(1)). Likewise, he explained that "the inability to perform fine or gross movements on a sustained basis is defined as 'an extreme loss of function of both upper extremities; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." *Id.* (quoting 20 C.F.R. 404, Subpt. P, App'x. 1, § 1.00(B)(2)(c)).

Because the record evidence demonstrated that Hernandez was able to ambulate and traveled on her own to and from appointments using public transportation, Judge Aaron concluded that Hernandez could ambulate effectively. *Id.* at 31. Similarly, since the record evidence established that Hernandez could take care of her personal hygiene and perform household chores, he concluded that "Hernandez was able to perform fine and gross movements effectively on a sustained basis," and that the ALJ's determination was supported by substantial evidence. *Id.* at 31–32.

Judge Aaron then turned to the October 26, 2015 post-operation notes that Hernandez submitted to the Appeals Council following the hearing. In this regard, Judge Aaron acknowledged that the "Appeals Council is obligated to consider new and material evidence that relates to the period on or before the date of the administrative law judge hearing decision," so long as that evidence is *not cumulative*. *Id.* at 40 (citing *Patterson v. Colvin*, 24 F. Supp. 3d 356, 372 (S.D.N.Y. 2014); *Lisa v. Sec'y of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991); 20 C.F.R. § 404.970(b)) (quotation marks omitted). In this case, however, he concluded that, even assuming the new evidence related to the relevant period of time, the evidence was "cumulative of information already contained in the record," and that the ALJ had already "recognized her CTS as a severe impairment and accordingly included limitations based on her CTS in his RFC assessment." *Id.* at 41.

On February 28, 2018, Plaintiff timely filed written objections to the R&R, and, on March 13, 2018, the Commissioner responded in opposition to those objections. Docs. 28, 30. Plaintiff raised two objections to Judge Aaron's R&R, which she claims warrants remand: that, in denying Plaintiff's motion, Judge Aaron (1) failed to adequately consider Plaintiff's obesity and the side effects of her medication, and (2) erred in concluding that the October 26, 2015 post-operation notes were insufficient to alter the ALJ's finding. Doc. 28.

## II.  STANDARD OF REVIEW

In reviewing a denial of disability benefits, the Court may only reverse the ALJ's determination if it is based upon legal error or is not supported by substantial evidence. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the ALJ's findings as to any fact are supported by

5

substantial evidence, those findings are conclusive. *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). If, on the other hand, the ALJ's determination is not supported by substantial evidence or contains legal error, the determination must be reversed or remanded. *Rosa*, 168 F.3d at 77.

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise specific, written objections to the R&R "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the R&R to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the R&R to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

Objections must be "specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Where a party's objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the district court will only review the R&R for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and quotation marks omitted); *see also Hernandez v. Comm'r of Soc. Sec.*, No. 13 CIV. 5625 (PAE) (DF), 2015 WL 5122523, at *2 (S.D.N.Y. Aug. 31, 2015), *aff'd*, 669 F. App'x 599 (2d Cir. 2016). That is because "[i]t is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Camardo v. General Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382

6

(W.D.N.Y. 1992).

## III. DISCUSSION

Both the ALJ and Judge Aaron reached their determination regarding Plaintiff's eligibility for benefits based on their findings that, notwithstanding Plaintiff's CTS and other physical limitations, she was able to ambulate effectively and perform fine and gross movements effectively on a sustained basis. Thus, they agreed that Plaintiff was capable of sedentary work, and therefore not disabled within the meaning of the Act. Plaintiff does not meaningfully contest these conclusions. Rather, she rehashes arguments presented largely verbatim from her memorandum in support of her motion for judgment on the pleadings. *Compare* Pl.'s Obj., Doc. 28 at 4–6 (discussing obesity) and 5, 7 (discussing side effects of medication) *with* Pls. Mem. in Supp., Doc. 16 at 17–18 (discussing obesity), and 18 (discussing side effects of medication). As a result, her arguments are entitled to review only for clear error. *See Ortiz*, 558 F. Supp. 2d at 451; *Hernandez*, 2015 WL 5122523, at *2, *aff'd*, 669 F. App'x 599 (2d Cir. 2016).

Having so reviewed Judge Aaron's thorough and well-reasoned R&R, the Court finds no error, clear or otherwise. Plaintiff's obesity and the side effects of nausea and dizziness resulting from her medications were reflected in the record and addressed in the R&R. There is no evidence in the record, however, demonstrating that those limitations had functional consequences on Plaintiff's ability to do sedentary work. Indeed, Plaintiff does not point to any record evidence supporting that position. Where the record is "devoid of any evidence that Plaintiff's treating or examining sources considered Plaintiff's obesity a significant factor relative to Plaintiff's ability to perform basic work activities," the Act does not require the ALJ or magistrate to evaluate Plaintiff's obesity in determining if Plaintiff's impairment meets or equals one of those listed in Appendix 1. *Farnham v. Astrue*, 832 F. Supp. 2d 243, 261 (W.D.N.Y. 2011) (citing *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 276 (N.D.N.Y. 2009); *Day v.*

*Commissioner of Social Sec.*, 2008 WL 2331401, at *5 (N.D.N.Y. June 3, 2008). Likewise, Plaintiff points to nothing in the record that demonstrates that her side effects had any meaningful impact on her ability to do sedentary work.

Plaintiffs' argument with respect to the October 26, 2015 post-operation notes fares no better. That evidence consists of a standard-release form with a line checked that reads: "No heavy lifting, straining, or strenuous activity." AR at 19. The fact that Plaintiff was so instructed following her left carpal tunnel release surgery adds nothing to the record regarding the condition of Plaintiff's CTS, and therefore is not probative of the "claimant's condition during the time period for which the benefits were denied." *Lisa v. Secretary of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir 1991) (citing *Tirado v. Bowen*, 842 F.2d 597 (2d Cir.1988)) (quotation marks omitted).

## IV. CONCLUSION

The Court therefore ADOPTS Magistrate Judge Aaron's recommended judgment regarding the parties' motions for judgment on the pleadings. The Clerk of Court is respectfully directed to terminate the motions, Docs. 15, 25, and close the case.

SO ORDERED.

Dated:     March 28, 2018
              New York, New York

                                                Edgardo Ramos, U.S.D.J.